In the Matter of ANTHONY RICCARDI, Petitioner, against DEPARTMENT OF CORRECTION OF THE STATE OF NEW YORK et al., Respondents.

Supreme Court, Special Term, Westchester County, September 2, 1947.

290

*David F. Price* for petitioner.

*Nathaniel L. Goldstein, Attorney-General (John P. Powers* and *Abe Wagman* of counsel), for respondents.

FLANNERY, J. The petitioner, Anthony Riccardi, was sentenced at a term of the County Court in and for the county of Kings, New York, on the 12th day of April, 1937, for the crime of robbery in the first degree, committed March 9, 1937, to be imprisoned in the State Prison at Sing Sing, at hard labor, under an indeterminate sentence, of which the maximum was thirty years and the minimum fifteen years, and to an indeterminate additional sentence, under the provisions of section 1944 of the Penal Law, of five years to ten years because the court determined that the defendant was armed. This made a total sentence of twenty years to forty years as is set forth at the bottom of page 1 of petitioner's petition. At the time of the crime and at the time of the sentence in 1937 the punishment for robbery in the first degree was fixed by section 2125 of the Penal Law as follows: " Robbery in the first degree is punishable by imprisonment for an indeterminate term the minimum of which shall be not less than ten years and the

maximum of which shall not be more than thirty years." That section was placed in that form by the amendment made by chapter 275 of the Laws of 1932. Before March 18, 1932, and from the 1st day of July, 1926, down to March 18, 1932, the punishment for robbery in the first degree was set forth in section 2125 of the Penal Law, as follows: " Robbery in the first degree is punishable by imprisonment for a term not less than fifteen years." The provision which took effect July 1, 1926, was enacted by chapter 436 of the Laws of 1926. Before that time the punishment for robbery in the first degree had been heavier.

Before July 1, 1947, subdivision [1] of section 1945 of the Penal Law authorized the release on parole of one convicted of robbery in the first degree as a first offender as though his or her sentence had been for an indeterminate term, of which the minimum was ten years *if the prisoner was received into a State prison prior to March 18, 1932,* the date on which the minimum punishment for robbery in the first degree was reduced from fifteen years to ten years by section 275 of the Laws of 1932. It was subsequently discovered that certain prisoners, who were sentenced under the law as it existed between July 1, 1926, and March 18, 1932, were actually not received into a State prison until after March 18, 1932, and so, although they had received the heavier sentence, were not eligible for release on parole as subdivision [1] of section 1945 of the Penal Law provided. To correct this inequality and obvious injustice to persons who were sentenced under a law that did not permit the court to impose a sentence of less than fifteen years, the Legislature by chapter 586 of the Laws of 1947, at the suggestion of the Law Revision Commission, amended subdivision 1 of section 1945 of the Penal Law, so that every prisoner received at any time into a State prison upon a sentence imposed pursuant to the provisions of section 2125 of the Penal Law, as amended by chapter 436 of the Laws of 1926, should be eligible for parole on his sentence pursuant to article 8 of the Correction Law " * * * as though his or her sentence had been for an indeterminate term the minimum of which was ten years."

The sentence imposed on the petitioner for the crime of robbery in the first degree committed in 1937 was not imposed pursuant to the provisions of section 2125 of the Penal Law, as amended by chapter 436 of the Laws of 1926 only, but pursuant to the provisions of section 2125 of the Penal Law, as amended by

chapter 436 of the Laws of 1926 *as subsequently further amended by chapter 275 of the Laws of 1932.* He is not one of those described in subdivision 1 of section 1945 of the Penal Law. He was sentenced to fifteen minimum to thirty maximum for the crime of first degree robbery, not because the court could not sentence him to less, as would have been true before March 18, 1932, but as a matter of judicial discretion, at a time when the court could have given him a minimum of not less than ten years. The petitioner disregards the difference between a mandatory and a discretionary minimum sentence and the difference between section 1945 of the Penal Law, as amended once in 1926, and as amended twice, both in 1926 and in 1932, and, although his minimum sentence was a discretionary sentence, asserts that the Department of Correction and the Parole Board must proceed to consider the subject of his parole pursuant to article 8 of the Correction Law as though his sentence had been for an indeterminate term of which the minimum was ten years. He is mistaken.

The application for an order pursuant to article 78 of the Civil Practice Act will be denied, and the petition dismissed on the respondents' motion.

Submit order.